IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KINDER MORGAN LOUISIANA PIPELINE LLC, <br><br>　　　　Plaintiff, <br><br>v. <br><br>WELSPUN GUJARAT STAHL ROHREN LTD., WELSPUN GLOBAL TRADE LLC, and LATEX CONSTRUCTION COMPANY, <br><br>　　　　Defendants. <br>_____ <br><br>WELSPUN GUJARAT STAHL ROHREN, LTD., <br><br>　　　　Third-Party Plaintiff, <br><br>v. <br><br>ARCELORMITTAL, AM INTERNATIONAL FZE, and MITTAL STEEL GALATI S.A., <br><br>　　　　Third-Party Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § <br><br>Civil Action No. 4:10-cv-02813 |

**LNM MARKETING FZE'S NOTICE OF REMOVAL**

Third-Party Defendant LNM Marketing FZE files this Notice of Removal and respectfully show as follows:

**Procedural Status**

1.　Third-Party Plaintiff filed its Amended Third-Party Petition on July 22, 2010, under No. 2009-54103, *Kinder Morgan Louisiana Pipeline LLC v. Welspun Gujarat Stahl Rohren Ltd., et al.* and *Welspun Gujarat Stahl Rohren Ltd. v. ArcelorMittal, AM International FZE, and Mittal Steel Galati S.A.*, in the 11th Judicial District Court of Harris County, Texas. Plaintiff Kinder Morgan filed its Original Petition under the same cause number and style on

August 24, 2009. The case has been pending in the 11th Judicial District Court since it was filed.

## Background to this Litigation

2. This litigation arises out of the construction of a natural-gas pipeline in Louisiana for plaintiff Kinder Morgan Louisiana Pipeline LLC. Kinder Morgan has alleged that the pipe used to construct the pipeline was defective. Defendant Welspun manufactured the pipe in its mills in India allegedly using steel purchased from LNM Marketing FZE ("LNM"), an entity located in Dubai, United Arab Emirates, and delivered to Welspun in India.

3. Kinder Morgan filed suit in Texas state court seeking damages from Welspun for breach of contract. Welspun filed counterclaims and a third-party petition against ArcelorMittal, AM International FZE ("AMI"), and Mittal Steel Galati S.A. seeking declaratory judgments that under the contract between Welspun and LNM, all three third-party defendants are the proximate cause of any potential finding of liability against Welspun and in favor of Kinder Morgan; and that all three third-party defendants must indemnify Welspun for all potential losses it might incur as a result of Kinder Morgan's claims.

4. Welspun sued AMI because it understood that AMI was formerly known as, and was a successor to, LNM. Welspun filed its Amended Third-Party Petition substituting LNM for AMI upon learning that LNM is a separate entity that continues to exist as such. Neither AMI nor LNM were ever served with Welspun's Original Third-Party Petition. LNM's counsel accepted service of Welspun's Amended Third-Party Petition effective on July 16, 2010, subject to a full reservation of rights and any and all objections to the propriety of the suit, including jurisdiction, venue, statute of limitation, and the merits of the claims.

5. Welspun's Amended Third-Party Petition also corrected the name of Mittal Steel Galati S.A., which is currently known as ArcelorMittal Galati S.A.

## Timely Removal and Venue

6. Removal of this action is timely pursuant to 9 U.S.C. §205, which permits removal of an action "at any time before the trial thereof." Removal of this action is also timely under 28 U.S.C. §1446(b). LNM was served with the Amended Third-Party Petition naming it as a third-party defendant on July 16, 2010. Venue is proper under 9 U.S.C. §205 and 28 U.S.C. §1446(a) because Harris County is within the jurisdiction of this Division.

## Grounds for Removal

7. Removal is proper under 9 U.S.C §205 and 28 U.S.C. §1441(c).

8. On July 22, 2010, Welspun filed its Amended Third-Party Petition adding LNM as a third-party defendant and seeking a judgment declaring the parties' rights and obligations under the contract between Welspun and LNM for the purchase of the steel used to manufacture the pipes at issue in Kinder Morgan's claims against Welspun. Amended Third-Party Pet. ¶¶5, 17, Exhs. A-D. The contract contains a mandatory arbitration clause requiring that any dispute related to the contract be arbitrated before an arbitrator appointed by the London Court of International Arbitration and in accordance with the UNCITRAL Arbitration Rules. Exh. 1, §4.8.1. The proceeding is to occur in London. *Id.* This is a valid and binding agreement to arbitrate and LNM has formally commenced arbitration of Welspun's claims by giving notice according to Article 3 of the UNCITRAL Arbitration Rules. Exh. 2.

9. Section 205 of Title 9 authorizes the removal of any action or proceeding pending in state court to federal court if the subject matter of the action or proceeding "relates to an arbitration agreement" falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, also known as the New York Convention. An arbitration agreement

falls under the Convention when it is not between citizens of the United States and it arises "out of a legal relationship, whether contractual or not, which is considered as commercial." 9 U.S.C. §202.  Here, the arbitration agreement arises out of a commercial contract between Welspun, an Indian entity, and LNM Marketing FZE, an Emirati entity.  Because this suit relates to an arbitration agreement that falls under the Convention, removal is authorized.

10. Under §1441(c), a defendant may remove an entire case, including the otherwise non-removable claims or causes of action, if a "separate and independent claim or cause of action" within the Court's federal-question jurisdiction under 28 U.S.C. §1331 has been asserted.  Here, Welspun's claims against Third-Party Defendants are separate and independent claims from those asserted by Kinder Morgan.  And those claims are subject to the Court's federal-question jurisdiction because they fall within the scope of the New York Convention, 9 U.S.C. §201 *et seq.*  All Third-Party defendants consent to the removal of this suit.

## Notice to State Court

11. A copy of this Notice of Removal is being filed with the clerk of the state court in which the original action was filed, in the manner required by law.

## Additional Information

12. Pursuant to Local Rule 81, the specified information and documents are included as attachments A-E to this Notice.

## Prayer

For these reasons, LNM Marketing FZE requests that this action be removed from the 11th Judicial District Court of Harris County, Texas to the United States District Court, Southern District of Texas, Houston Division; and that this Court take jurisdiction of this action to the exclusion of any further proceedings in the state court, in accordance with law; and that, after proper hearing or consideration, this Court dismiss plaintiff's claims or enter judgment

against third-party plaintiff and in favor of LNM Marketing FZE and grant all other relief to which it is entitled.

Dated: August 6, 2010                                    Respectfully submitted,

Of Counsel:                                              /s/ Paul Yetter
                                                     R. Paul Yetter
George Fibbe                                             State Bar No. 22154200
State Bar No. 24036559                                   Yetter Coleman LLP
James E. Zucker                                          909 Fannin, Suite 3600
State Bar No. 24060876                                   Houston, Texas 77010
Yetter Coleman LLP                                       (713) 632-8000
909 Fannin, Suite 3600                                   (713) 632-8002 (Fax)
Houston, Texas 77010
(713) 632-8000                                           Attorney-In-Charge for Third-Party
(713) 632-8002 (Fax)                                     Defendants ArcelorMittal, LNM Marketing
                                                     FZE, and ArcelorMittal Galati S.A.

**Certificate of Service**

    I hereby certify that on this 6th day of August, 2010, a true and correct copy of the above and foregoing pleading was forwarded by email, facsimile, and/or certified mail to the following counsel of record:

| | |
|---|---|
| E. Lee Haag<br>Tonja D. DeSloover<br>Rhonda M. Sigman<br>Fulbright & Jaworski L.L.P.<br>1301 McKinney, Suite 5100<br>Houston, Texas 77010-3095 | Mr. Thomas E. Kuhnle<br>Bingham McCutchen LLP<br>1900 University Avenue<br>East Palo Alto, California 94303-2223 |
| Richard A. Schwartz<br>Ruth Karper<br>Schwartz, Junell, Greenberg & Oathout, LLP<br>Two Houston Center<br>909 Fannin, Suite 2700<br>Houston, Texas 77010 | Scott G. Burdine<br>Carl D. Kulhanek, Jr.<br>Hagans Burdine Montgomery Rustay, P.C.<br>3200 Travis, Fourth Floor<br>Houston, Texas 77006 |
| Richard S. Taffet<br>Philip L. Blum<br>Bingham McCutchen LLP<br>399 Park Avenue<br>New York, New York 10022 | R. Lee Mann, III<br>Randall F. Hafer<br>Joseph P. Henner<br>Daniel M. Murdock<br>Kilpatrick Stockton LLP<br>1100 Peachtree Street, N.E.<br>Suite 2800<br>Atlanta, Georgia 30309 |

                  /s/ James Zucker
                    James Zucker