IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

KINDER MORGAN LOUISIANA          §
PIPELINE LLC,                    §
                                 §
            Plaintiff,           §
                                 §
v.                               §          CIVIL ACTION NO. H-10-2813
                                 §
WELSPUN GUJARAT STAHL ROHREN     §
LTD., WELSPUN GLOBAL TRADE LLC,  §
and LATEX CONSTRUCTION COMPANY,  §
                                 §
            Defendants.          §


### MEMORANDUM OPINION AND ORDER OF REMAND


On August 6, 2010, Third-Party Defendant, LNM Marketing FZE removed this action from the 11th Judicial District Court of Harris County, Texas, where it was pending under No. 2009-54103.  Pending before the court are Welspun's Motion to Remand (Docket Entry No. 19), and Kinder Morgan Louisiana Pipeline LLC's Motion to Remand and Alternatively Motion to Sever and Remand (Docket Entry No. 20).  For the reasons explained below, the motions to remand will be granted and this action will be remanded to state court for lack of subject matter jurisdiction.


## I.  Factual and Procedural Background

On August 24, 2009, plaintiff, Kinder Morgan Louisiana Pipeline LLC ("KMLP"), filed an action in state court against defendant, Welspun Gujarat Stahl Rohren Ltd. ("Welspun"), for breach of contract.  KMLP alleged that pipe manufactured by Welspun

in India used to construct a natural gas pipeline in Louisiana was defective.  Welspun responded by filing counterclaims against KMLP, and a third-party petition seeking declaratory judgment that the entity or entities that supplied the steel used to manufacture the allegedly defective pipe were the proximate cause of KMLP's alleged injuries, and that the third-party defendants are contractually obligated to indemnify Welspun for any losses — including attorneys' fees — it incurs as a result of KMLP's claims.

On July 22, 2010, Welspun filed an Amended Third-Party Petition naming as defendants ArcelorMittal, LNM Marketing FZE, and ArcelorMittal Galati S.A.  Welspun alleged that ArcelorMittal is a Luxembourg corporation with its principal place of business in Luxembourg, that LNM Marketing FZE ("LNM") is a wholly-owned subsidiary of ArcelorMittal that maintains its home office in Dubai, United Arab Emirates, and that ArcelorMittal Galati S.A. is a wholly-owned subsidiary of ArcelorMittal that maintains its principal place of business in Galati County, Romania.  Welspun alleged that all of the third-party defendants "have acted as a single entity and/or as agents or alter egos of each other, including in connection with the transaction of business in Texas and this jurisdiction, such that disregard of the corporate structure is necessary to avoid injustice and inequity."[1]

---

[1]Welspun Gujarat Stahl Rohren LTD.'s Amended Original Third-Party Petition, included in Exhibit B attached to Notice of Removal, Docket Entry No. 1, pp. 5-6.

On August 6, 2010, LNM filed its Notice of Removal (Docket Entry No. 1) pursuant to 9 U.S.C. § 205 and 28 U.S.C. § 1441(c). On September 3, 2010, Welspun filed a motion to remand (Docket Entry No. 19), and on September 7, 2010, KMLP filed a motion to remand and, alternatively, a motion to sever (Docket Entry No. 20), contending that neither 9 U.S.C. § 205 nor 28 U.S.C. § 1441(c) provides the court subject matter jurisdiction over this action.

## II.  **Removal Standard**

A defendant has the right to remove a case to federal court when federal jurisdiction exists and the removal procedure is properly followed.  See Manguno v. Prudential Property and Casualty Insurance Co., 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441).  The removing party bears the burden of establishing that a state court suit is removable to federal court.  Id. (citing DeAguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir.), cert. denied, 116 S.Ct. 180 (1995)).  To determine whether there is removal jurisdiction, the claims in the state court petition are considered as they existed at the time of removal.  Manguno, 276 F.3d at 723.  Doubts about the propriety of removal are to be resolved in favor of remand.  See In re Hot-Hed Inc., 477 F.3d 320, 323 (5th Cir. 2007) (per curiam)).

## III.  **Analysis**

LNM contends that 9 U.S.C. § 205 and 28 U.S.C. § 1441(c) provide subject matter jurisdiction because the contract on which

-3-

Welspun's claims are based contains a mandatory arbitration clause requiring that any dispute related to the contract be arbitrated by the London Court of International Arbitration in accordance with the UNCITRAL Arbitration Rules.  LNM explains that

> 9.   Section 205 of Title 9 authorizes the removal of any action or proceeding pending in state court to federal court if the subject matter of the action or proceeding "relates to an arbitration agreement" falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, also known as the New York Convention. An arbitration agreement falls under the Convention when it is not between citizens of the United States and it arises "out of a legal relationship, whether contractual or not, which is considered as commercial."  9 U.S.C. § 202.  Here, the arbitration agreement arises out of a commercial contract between Welspun, an Indian entity, and LNM Marketing FZE, an Emirati entity.  Because this suit relates to an arbitration agreement that falls under the Convention, removal is authorized.
>
> 10.  Under § 1441(c), a defendant may remove an entire case, including the otherwise non-removable claims or causes of action, if a "separate and independent claim or cause of action" within the Court's federal-question jurisdiction under 28 U.S.C. § 1331 has been asserted. Here, Welspun's claims against Third-Party Defendants are separate and independent claims from those asserted by Kinder Morgan.  And those claims are subject to the Court's federal-question jurisdiction because they fall within the scope of the New York Convention, 9 U.S.C. § 201 *et seq.*[2]

## A.    Applicable Law

LNM contends that federal question and removal jurisdiction exist for the claims asserted in Welspun's third-party petition pursuant to the Convention on the Recognition and Enforcement of

---

[2]LNM Marketing FZE's Notice of Removal ("LNM's Notice of Removal"), Docket Entry No. 1, pp. 3-4 ¶¶ 9-10.

Foreign Arbitral Awards ("the Convention").  The Convention was
negotiated in 1958 and entered into by the United States in 1970.
9 U.S.C. § 201 (note).  The Fifth Circuit has explained that

> Congress ratified the Convention in 1970 to provide
> United States citizens predictable enforcement of
> arbitral contracts in foreign courts. Signatories to the
> Convention agree that they will enforce written
> agreements to submit disputes to arbitration.
> Signatories also agree that they will enforce the
> judgments of arbitrators.

Beiser v. Weyler, 284 F.3d 665, 666 n.2 (5th Cir. 2002).  The same
year that the United States entered the Convention, Congress
adopted enabling legislation for it, 9 U.S.C. §§ 201-208.

Section 203 grants federal courts jurisdiction over cases
involving arbitration agreements that fall under the Convention.
That section provides:

> An action or proceeding falling under the Convention
> shall be deemed to arise under the laws and treaties of
> the United States.  The district courts of the
> United States (including the courts enumerated in section
> 460 of title 28) shall have original jurisdiction over
> such an action or proceeding, regardless of the amount in
> controversy.

9 U.S.C. § 203.

Section 202 sets forth the standards that courts apply in
determining whether an arbitration agreement falls under the
Convention.  Section 202 provides:

> An arbitration agreement or arbitral award arising out of
> a legal relationship, whether contractual or not, which
> is considered as commercial, including a transaction,
> contract, or agreement described in section 2 of this
> title, falls under the Convention.  An agreement or award
> arising out of such a relationship which is entirely
> between citizens of the United States shall be deemed not

-5-

> to fall under the Convention unless that relationship
> involves property located abroad, envisages performance
> or enforcement abroad, or has some other reasonable
> relation with one or more foreign states.   For the
> purpose of this section a corporation is a citizen of the
> United States if it is incorporated or has its principal
> place of business in the United States.

9 U.S.C. § 202.  See Lim v. Offshore Specialty Fabricators, Inc.,

404 F.3d 898, 903 (5th Cir. 2005) (describing Fifth Circuit's four-

part test for determining if an arbitration agreement falls under

the Convention).

Section 205 permits removal of a state court case to federal

court when the claims in the state court proceeding "relate to" an

arbitration agreement "falling under the Convention."   Section 205

provides:

> Where the subject matter of an action or proceeding
> pending in a State court relates to an arbitration
> agreement or award falling under the Convention, **the
> defendant or the defendants** may, at any time before the
> trial thereof, remove such action or proceeding to the
> district court of the United States for the district and
> division embracing the place where the action or
> proceeding is pending.  The procedure for removal of
> causes otherwise provided by law shall apply, except that
> the ground for removal provided in this section need not
> appear on the face of the complaint but may be shown in
> the petition for removal.  For the purposes of Chapter 1
> of this title any action or proceeding removed under this
> section shall be deemed to have been brought in the
> district court to which its removed.

9 U.S.C. § 205 (emphasis added).  To determine if removal has been

properly effected under this section a court need only examine the

face of the complaint or the removal notice, without an inquiry

into the merits or substantive evidence.  Beiser, 284 F.3d at 6671-

72.

**B.   Application of the Law to the Facts**

Welspun and KMLP both argue that remand is required because neither 9 U.S.C. § 205, nor 28 U.S.C. § 1441(c) provides jurisdiction for removal under the facts of this case.[3]

1.   9 U.S.C. § 205 Provides No Jurisdiction for Removal

Asserting that 9 U.S.C. § 205 "permits removal of a pending state court proceeding only by 'the defendant or the defendants,'"[4] Welspun argues that LNM's attempt to remove under 9 U.S.C. § 205 is improper and that this action must be remanded "because LNM is a third-party defendant and not a 'defendant' as required by the plain language of the statute."[5]   In support of this argument, Welspun and KMLP cite Caringal v. Karteria Shipping, Ltd., 108 F.Supp.2d 651 (E.D. La. 2000).   There, the court held that a case removed by third-party defendants pursuant to 9 U.S.C. § 205 had to be remanded because "the statute itself clearly provides that 'the defendant or the defendants' may remove the case."   Id. at 654. The court explained that "third-party defendants[] did not have any statutory authority to remove the case."   Id.   Citing BJB Co. v.

---

[3]Welspun's Motion to Remand, Docket Entry No. 19, p. 2; Kinder Morgan Louisiana Pipeline LLC's Motion to Remand and Alternatively Motion to Sever and Remand (KMLP's Motion to Remand), Docket Entry No. 20, p. 6.

[4]Welspun's Motion to Remand, Docket Entry No. 19, p. 6.   See also KMLP's Motion to Remand, Docket Entry No. 20, p. 6.

[5]Welspun's Motion to Remand, Docket Entry No. 19, p. 3.   See also KMLP's Motion to Remand, Docket Entry No. 20, p. 6.

<u>Comp Air Leroi</u>, 148 F.Supp.2d 751, 753 (N.D. Tex. 2001), KMLP adds that this conclusion "is consistent with other cases holding that the language 'the defendant or the defendants' as found in removal statutes such as 28 U.S.C. § 1441(a)—the identical language to that found in 9 U.S.C. § 205—does not authorize removal by third-party defendants."[6]

In <u>BJB Co.</u>, 148 F.Supp.2d at 774-75, the court reviewed courts' interpretation of the same language in 28 U.S.C. § 1441(a). Section 1441(a) provides that, "[e]xcept as otherwise expressly provided by an Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by **the defendant or the defendants** . . ." 28 U.S.C. § 1441(a) (emphasis added).  Observing that the "courts throughout the country have, in relative unison, determined that third-party defendants are not defendants within the meaning of § 1441(a)," the <u>BJB Co.</u> court reached the same conclusion.  148 F.Supp.2d at 752.  <u>See also</u> <u>H & H Terminals, LC v. R. Ramos Family Trust, LLP</u>, 634 F.Supp.2d 770, 774-75 (W.D. Tex. 2009) (citing <u>First National Bank of Pulaski v. Curry</u>, 301 F.3d 456, 461 (6th Cir. 2002) ("The majority view is that third-party defendants are not 'defendants' for purposes of § 1441(a)"; and <u>Salge v. Buchanan</u>, 2007 WL 1521738, *3 (S.D. Tex. May 24, 2007) ("The overwhelming majority of courts addressing this question have

---

[6]KMLP's Motion to Remand, Docket Entry No. 20, pp. 6-7.

concluded that third-party defendants are not defendants entitled to remove under § 1441(a).")).  In reaching this conclusion courts typically cite the language and legislative history of the statute, the right of a plaintiff to be master of his complaint, and federalism concerns that favor a narrow construction of the removal statute.  <u>H & H Terminals</u>, 634 F.Supp.2d at 775.

LNM responds by citing <u>Viator v. Dauterive Contractors, Inc.</u>, 638 F.Supp.2d 641, 644 (E.D. La. 2009).  In that case, a defendant filed a third-party complaint against Steamship Mutual, which removed the suit on the basis of a foreign arbitration clause and "invoke[d the] Court's jurisdiction pursuant to the Convention." <u>Id.</u>  In concluding that the third-party defendant properly removed the case, the court relied on the expansiveness of § 205 relative to the general removal statutes and on the Fifth Circuit's determination that the general rule requiring courts to construe ambiguities strictly against removal does not apply to cases in which removal is based on 9 U.S.C. § 205.  <u>Id.</u> at 645-46 (citing <u>Acosta v. Master Maintenance and Construction, Inc.</u>, 452 F.3d 377 (5th Cir. 2006)).  <u>Acosta</u> was a mass tort action brought by individuals under Louisiana's direct action law, which allowed them to bring suit against both the alleged tortfeasors and their insurers.  The insurers removed the action to federal court based on jurisdiction granted by the Convention.  The Fifth Circuit affirmed the district court's denial of the plaintiffs' motion to

remand.   The Fifth Circuit explained that the removal provision in § 205 is very broad

> [b]ecause "uniformity is best served by trying all [Convention] cases in federal court unless the parties unequivocally choose otherwise," <u>McDermott International, Inc. v. Lloyds Underwriters of London</u>, 944 F.2d 1199, 1207-08 (5th Cir. 1991), Congress granted the federal courts jurisdiction over Convention cases and added one of the broadest removal provisions, § 205, in the statute books.  So generous is the removal provision that we have emphasized that the general rule of construing removal statutes strictly against removal "cannot apply to Convention Act cases because in these instances, Congress created special removal rights to channel cases into federal court."  <u>Id.</u> at 1213.

<u>Acosta</u>, 452 F.3d at 377.

Because neither the court in <u>Viator</u> nor the court in <u>Acosta</u> was asked to consider the meaning of the language "the defendant or the defendants" as used in § 205, and because <u>Acosta</u> involved removal by a defendant and not a third-party defendant, the court is not persuaded that either <u>Viator</u> or <u>Acosta</u> controls the instant issue.  Moreover, LNM has not cited — and the court's independent research has not revealed — any authority that has held that the phrase "the defendant or the defendants" used in § 205 has been interpreted to include third-party defendants.  Because the language "the defendant or the defendants" used in the general removal statute, 28 U.S.C. § 1441(a), is commonly interpreted to exclude third-party defendants, <u>BJB Co.</u>, 148 F.Supp.2d at 752, the court concludes that the same language used in 9 U.S.C. § 205 should also be interpreted to exclude third-party defendants.  <u>See Caringal</u>, 108 F.Supp.2d at 654.  Accordingly, the court concludes

-10-

that § 205 provides no jurisdiction for removal by LNM because LNM is not a defendant in this action but, instead, is a third-party defendant.

2.   28 U.S.C. § 1441(c) Provides No Jurisdiction for Removal

Welspun contends that removal under 28 U.S.C. § 1441(c) is improper because "(1) Welspun alleges no claims in its Third-Party Petition that confer federal subject matter jurisdiction; and (2) Welspun's claims . . . are not 'separate and independent' from those alleged by KMLP against Welspun."[7]  KMLP similarly contends that removal under 28 U.S.C. § 1441(c) is improper because Welspun's claims are not "separate and independent" from KMLP's claims, and because LNM has not demonstrated jurisdiction under the well-pleaded complaint rule.[8]

Section 1441(c) provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c).  "Although there is a split among the circuits on the point, [the Fifth Circuit] has held that a third-party . . . defendant may remove a case to federal court pursuant to § 1441(c)."  State of Texas v. Walker, 142 F.3d 813, 816 (5th Cir.

---

[7]Welspun's Motion to Remand, Docket Entry No. 19, p. 7.

[8]KMLP's Motion to Remand, Docket Entry No. 20, pp. 8-10.

1998), cert. denied, 119 S.Ct. 865 (1999) (citing Carl Heck
Engineers v. Lafourche Parish Police Jury, 622 F.2d 133 (5th Cir.
1980)).   In Carl Heck, 622 F.2d at 136, the Fifth Circuit
recognized the split in authority on this issue, but reasoned that

> the language of the statute does not require only those
> causes of action joined by the original plaintiff to form
> the basis of removal.    If the third party complaint
> states a separate and independent claim which if sued
> upon alone could have been brought properly in federal
> court, there should be no bar to removal.

Moreover, in Carl Heck the Fifth Circuit concluded "a claim
essentially seeking indemnity should be considered separate and
independent."  Id.  The court explained that

> the claim for indemnity by Lafourche against Maryland
> presents a real controversy, not unrelated to the main
> claim, but sufficiently independent of it that a judgment
> in an action between those two parties alone can be
> properly rendered.  Such actions can be and often are
> brought in a separate suit from that filed by the
> original plaintiff in the main claim.

Id.  See Walker, 142 F.3d at 816 (Carl Heck "affords third-party
defendants the opportunity of § 1441(c) removal to federal court
. . . [of claims] which they could have removed [if] sued alone.").
In order to establish that removal is proper in this case LNM must
show that Welspun's claims are separate and independent from KMLP's
claims against Welspun, and that they arise under 28 U.S.C. § 1331.

        (a)  Welspun's Claims Are "Separate and Independent"
        Section 1441(c) authorizes removal of cases in which a
"separate and independent" federal claim or cause of action is
joined with a nonremovable claim or cause of action.   A federal

-12-

claim is separate and independent if it involves an obligation distinct from the nonremovable claims in the case.  See American Fire & Casualty Co. v. Finn, 71 S.Ct. 534, 540 (1951) ("[W]here there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)."). In this circuit a third-party action for contribution and indemnity may constitute a separate and independent claim for purposes of section 1441(c) if the third-party complaint seeks indemnity based on a separate legal obligation owed by the third-party defendant to the third-party plaintiff, such as a contract of indemnity.  See In re Wilson Industries, Inc., 886 F.2d 93, 96 (5th Cir. 1989).  See also Anderson v. TransAmerica Specialty Insurance Company, 804 F.Supp. 903, 905 (S.D. Tex. 1992).  If, however, the third-party complaint seeks indemnity based on an allegation that the third-party defendant's actions caused the plaintiff's injuries, there is no separate and independent cause of action. Id.

Citing In re Wilson Industries, 886 F.2d at 96, and JAJ Ventures, L.L.C. v. Environmental Chemical Corp., 2009 WL 911020 (E.D. La. 2009), Welspun and KMLP contend that Welspun's claims against the third-party defendants are not "separate and independent" from KMLP's claims against Welspun because the third-party claims allege that the third-party defendants caused KMLP's

injuries.[9]  Welspun explains that its third-party claims against LNM and the other third-party defendants cannot be considered separate and independent from KMLP's claims against it because

> Welspun made X-70 pipe for KMLP from X-70 steel plate it
> received from Mittal.  If KMLP received out-of-spec pipe,
> which Welspun denies, the resulting harm asserted by KMLP
> was caused by the defective quality of Mittal's steel
> plate.  Thus, Welspun alleges that Mittal, in whole or in
> part, caused KMLP's alleged injury.  Moreover, adjudicat-
> ing both sets of claims will involve substantially the
> same facts, including: facts related to the quality of
> the pipe and plate; tests of the chemical composition,
> mechanical properties, dimensions and related properties
> of the pipe and plate; expert opinions of whether there
> were defects and, if so, whether they were caused by
> Mittal's forging of the steel plate or Welspun's bending
> of the plate into pipe; and proof relating to damages.[10]

Welspun's and KMLP's contentions that Welspun's claims against LNM are not separate and independent from KMLP's claims against Welspun would be well taken if the only claims that Welspun alleged against LNM were claims that LNM and the other third-party defendants caused KMLP's injuries by failing to supply steel plate meeting required technical specifications.  But these are not the only claims asserted in Welspun's third-party complaint, and these are not the claims on which removal is based.

Count Two of Welspun's third-party petition alleges that

> [a] justiciable controversy has arisen and now exists
> between Welspun and Mittal concerning their respective

---

[9]Welspun's Motion to Remand, Docket Entry No. 19, p. 9 (quoting <u>Wilson</u>, 886 F.2d at 96); KMLP's Motion to Remand, Docket Entry No. 20, pp. 9-10.

[10]Welspun's Motion to Remand, Docket Entry No. 19, pp. 10-11. <u>See also</u> KMLP's Motion to Remand, Docket Entry No. 20, p. 10.

rights and obligations under Paragraph 9 of the First
Purchase Order regarding the extent to which [LNM] is
obligated to indemnify and hold harmless Welspun of and
from any and all demands, claims, and damages, including
attorneys' fees and expenses, arising from or relating to
the KMLP Claims.

As a result, there currently exists uncertainty and
insecurity   regarding   the   construction   of   the
Welspun/Mittal Contract and the obligations of Mittal
thereunder.   Welspun hereby requests the Court construe
the Welspun/Mittal Contract and declare that Paragraph 9
is an enforceable promise by Mittal to indemnify and hold
harmless Welspun for all losses incurred by Welspun in
relation to the KMLP Claims, including without limitation
any judgment rendered in favor of KMLP and against
Welspun, and any and all other costs (including
attorneys' fees), liabilities and all other expenses
incurred by Welspun in connection with the KMLP Claims.[11]

Whether LNM has wrongly failed to indemnify Welspun by providing a

defense and/or accepting responsibility for any losses that Welspun

may suffer as a result of KMLP's claims is a distinct wrong not

dependent on whether Welspun supplied defective pipe in violation

of its contract to KMLP.  Moreover, proof of Welspun's claims for

defense and indemnity against the third-party defendants does not

involve the same facts as proof of KMLP's claims against Welspun.

Because Welspun's third-party petition seeks contractual indemnity,

not indemnity under tort-law principles, the court concludes that

Welspun's petition asserts claims that are separate and independent

from KMLP's claims.

---

[11]Welspun Gujarat Stahl Rohren LTD.'s Amended Original Third-
Party Petition, included in Exhibit B attached to Notice of
Removal, Docket Entry No. 1, p. 11 ¶¶ 33-34.

The court's conclusion does not conflict with the authorities cited by Welspun and KMLP.   In <u>JAJ Ventures</u> the court explained that

> third-party indemnity claims are not "separate and independent" when they are premised on an allegation that the third party defendant's conduct caused the plaintiff's injuries and, therefore, seek indemnity and/or contribution under tort law principles.   On the other hand, a third-party claim that seeks only contractual indemnity based on a separate obligation owed to the defendant/third-party plaintiff, such as an insurance policy, is a "separate and independent" claim.

2009 WL 911020 at *1 (citing <u>Wilson</u>, 886 F.2d at 96).   In <u>In re Wilson Industries</u> the Fifth Circuit explained that

> [i]n <u>Carl Heck Engineers</u>, a typical construction contract case, the source of the third-party defendant's liability was an indemnity provision in a contract with the third-party plaintiff.   The claim alleged in the third-party complaint arose from this separate and independent contractual obligation.   The same is true of the cases relied on by <u>Carl Heck Engineers</u>.   <u>E.g.</u>, <u>Bond v. Doig</u>, 433 F.Supp. 243 (D.N.J. 1977); <u>Wayrynen Funeral Home, Inc. v. J.G. Link & Co.</u>, 279 F.Supp. 803 (D.Mont. 1968); <u>Rafferty v. Frock</u>, 135 F.Supp. 292 (D.Md. 1955).
>
> In contrast, the liability of Wilson Industries is not premised on a separate and independent obligation, but on an allegation that Wilson's negligence rather than Union Oil's conduct was the true cause of plaintiff's injuries. In such cases, courts have consistently held that there is no separate and independent claim under § 1441(c). <u>E.g.</u>, <u>Soper v. Kahn</u>, 568 F.Supp. 398 (D.Md. 1983); <u>Murjani v. Allstate Insurance Co.</u>, 679 F.Supp. 601 (M.D.La. 1988); <u>see also</u> <u>American Fire & Casualty Co. v. Finn</u>, 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951) (where there is but a single wrong to the plaintiff for which recovery is sought, there is no separate and independent claim).
>
> These two lines of cases were effectively reconciled in <u>Marsh Investment Corp. v. Langford</u>, 494 F.Supp. 344 (E.D.La. 1980), <u>aff'd. per curiam</u>, 652 F.2d 583 (5th Cir. 1981).   The <u>Marsh</u> court, attempting to apply <u>Carl Heck</u>

Engineers, concluded that where a third-party complaint seeks indemnity based on a claim that the third-party defendant caused plaintiff's injuries, there is no separate and independent claim. Id. at 349. On the other hand, where the third party complaint seeks indemnity based on a separate obligation owed to the defendant (such as a contractual indemnity obligation), there is a separate and independent claim. Id. at 350. This persuasive reasoning has been relied on by at least two other district courts. Murjani, supra; Soper, supra. See discussion in C. Wright, A. Miller & E. Cooper, 14 A Federal Practice & Procedure § 3724 (1985 ed.).

886 F.2d at 96. Here, KMLP seeks redress from Welspun for Welspun's alleged failure to supply non-defective pipe; Welspun seeks redress from LNM and the other third-party defendants for allegedly failing to supply non-defective steel **and** for failing to indemnify Welspun as required by the parties' contract. Welspun's claim against LNM for indemnity is separate and independent from KMLP's claims against Welspun because it is based on a separate obligation owed to Welspun by LNM under an independent contract.

(b)  Welspun's Claims Do Not Arise Under 28 U.S.C. § 1331

Section 1441(c) provides for the removal only of those separate and independent federal claims over which a district court could have exercised original jurisdiction pursuant to 28 U.S.C. § 1331. Section 1331 is the general federal question jurisdiction statute that provides: "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Under the well-pleaded complaint rule, a suit "arises under" federal law "only when the plaintiff's statement of his own cause

of action shows that it is based upon [federal law]." <u>Louisville &</u>
<u>Nashville R. Co. v. Mottley</u>, 29 S.Ct. 42, 43 (1908).  Federal
jurisdiction cannot be predicated on an actual or anticipated
defense: "It is not enough that the plaintiff alleges some
anticipated defense to his cause of action and asserts that the
defense is invalidated by some provision of [federal law]."  <u>Id.</u>
<u>See also</u> <u>Rivet v. Regions Bank of Louisiana</u>, 118 S.Ct. 921, 925
(1998) ("federal jurisdiction exists only when a federal question
is presented on the face of the plaintiff's properly pleaded
complaint").  In <u>Holmes Group, Inc. v. Vornado Air Circulation</u>
<u>Systems, Inc.</u>, 122 S.Ct. 1889 (2002), the Supreme Court observed
that the clarity and simplicity of the well-pleaded complaint rule
would be undermined if federal courts were obliged to consider the
contents not only of the complaint but also of responsive pleadings
in determining whether a case "arises under" federal law.  <u>Id.</u> at
1894 (citing <u>Franchise Tax Board of California v. Construction</u>
<u>Laborers Vacation Trust for Southern Cal.</u>, 103 S.Ct. 2841, 2847
(1983)).  "The well-pleaded complaint rule applies to the original
jurisdiction of the district courts as well as to their removal
jurisdiction."  <u>Franchise Tax Board</u>, 103 S.Ct. at 2847 & n.9
(citing <u>Phillips Petroleum Co. v. Texaco, Inc.</u>, 94 S.Ct. 1002,
1003-04 (1974) (per curiam)).

  Nevertheless, a complaint purporting to rest on state law can
be recharacterized as one "arising under" federal law if the law
governing the complaint is exclusively federal.  <u>See</u> <u>Beneficial</u>

-18-

National Bank v. Anderson, 123 S.Ct. 2058, 2062 (2003).  Under
this so-called "complete preemption doctrine," a plaintiff's "state
cause of action [may be recast] as a federal claim for relief,
making [its] removal [by the defendant] proper on the basis of
federal question jurisdiction."  Vaden v. Discover Bank, 129 S.Ct.
1262, 1273 (2009) (quoting 14B Wright & Miller § 3722.1, p. 511).
See also Caterpillar Inc. v. Williams, 107 S.Ct. 2425, 2429-30
(1987) ("Once an area of state law has been completely pre-empted,
any claim purportedly based on that pre-empted state law is
considered, from its inception, a federal claim, and therefore
arises under federal law.").  Under Supreme Court precedent
construing § 1331, defenses, even if they rely exclusively on
federal substantive law, do not qualify a case for removal to
federal court.  Beneficial National Bank, 123 S.Ct. at 2062 (citing
Louisville & Nashville R. Co., 29 S.Ct. at 43).

     Citing Rivet, 118 S.Ct. at 925, Welspun contends that LNM "has
failed to meet the requirements of 28 U.S.C. § 1441(c) because no
claim subject to federal jurisdiction was set forth on the face of
Welspun's Third-Party Petition."[12]  Welspun explains that

>     [n]othing on the face of Welspun's Third-Party Petition
>     provides any basis for federal subject matter
>     jurisdiction.  That Petition seeks two declaratory
>     judgments, both based on Texas contract law, and it

---

[12]Welspun's Reply to Third-Party Defendants' Response to
Motions to Remand, Docket Entry No. 26, p. 2.  See also Welspun's
Motion to Remand, Docket Entry No. 19, pp. 7-8.  See also KMLP's
Motion to Remand, Docket Entry No. 20, pp. 7-9.

additionally seeks attorneys' fees under section 37.009 of the Texas Civil Practice and Remedies Code.

The alleged "Sale and Purchase Contract" dated July 11, 2004, attached to the Notice of Removal, does not provide a basis for federal subject matter jurisdiction. To remove under 28 U.S.C. § 1441(c), a federal claim must appear on the face of Welspun's Third-Party Petition. [LNM] cannot show this. An exhibit attached to a Notice of Removal cannot be the basis for removal under 28 U.S.C. § 1441(c).[13]

KMLP similarly contends that

independent federal question jurisdiction under Section 1331 must arise under the jurisdiction provision of the Convention Act.

. . .

For cases falling under the Convention Act, Section 203 of the Convention Act provides federal question jurisdiction under Section 1331:

An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States . . . shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy.

9 U.S.C. § 203. Therefore, federal question jurisdiction under 28 U.S.C. § 1441(c) over a third-party claim falling under the Convention is determined by Section 203 of the Convention.[14]

Welspun's Amended Original Third-Party Petition seeks

declaratory judgment that pursuant to a contractual agreement

between the parties, LNM and the other third-party defendants must

---

[13]Welspun's Motion to Remand, Docket Entry No. 19, p. 8. See also KMLP's Motion to Remand, Docket Entry No. 20, pp. 8-9.

[14]KMLP's Motion to Remand, Docket Entry No. 20, pp. 7-8.

indemnify Welspun for any losses — including attorneys' fees — it incurs as a result of KMLP's claims.  In support of these claims, Welspun cites four purchase orders dated, respectively, July 19, 2006, September 26, 2006, October 4, 2006, and October 24, 2006, which it argues reflect the contractual agreement between it and the third-party defendants.  Only three of these four purchase orders are attached to Welspun's Amended Third-Party Petition, but all four are referenced therein and all four were attached to Welspun's Original Third-Party Petition.[15]

Asserting that Welspun's third-party claims seek enforcement of a contract that contains a foreign arbitration clause, LNM argues that federal question jurisdiction under 28 U.S.C. § 1331 is established on the face of Welspun's third-party petition.  In

---

[15]The four purchase orders are as follows: (1) Order Confirmation dated July 19, 2006, identifying Mittal Steel Galati S.A., Romania, as the origin and Welspun Gujarat Stahl Rohren Limited as the buyer (Exhibit A attached to Welspun's Original Third-Party Petition and Exhibit A attached to Welspun's Amended Third-Party Petition); (2) Buyer P[urchase] O[rder] on a form headed "LNM Marketing FZE," dated September 26, 2006, identifying Mittal Steel Galati as the "Origin" and Welspun as the "Buyer" (Exhibit B attached to Welspun's Original Third-Party Petition and Exhibit B attached to Welspun's Amended Third-Party Petition); (3) a letter written on Welspun stationery addressed to LNM Marketing FZE identifying as its subject, "Purchase Order for the supply of Hot Rolled Plates conforming to API 5L, X-70 Grade," dated October 4, 2006 (Exhibit C attached to Welspun's Original Third-Party Petition and not attached to Welspun's Amended Third-Party Petition); and (4) a letter written on Welspun stationery addressed to LNM Marketing FZE referencing "Amendment to our P.O. No. 1," dated October 24, 2006, amending "our P.O. # Ref: WGSRL/DAHEJ/KM/IMP-408/06-07 for the supply of H.R. Plates in API 5L, X-70 Grade" (Exhibit D attached to Welspun's Original Third-Party Petition and Exhibit D attached to Welspun's Amended Third-Party Petition).

-21-

support of this argument, LNM cites ¶ 4.8.1 of the parties' contract, a copy of which is attached to LNM's Notice of Removal.[16] Quoting Judge Rosenthal's opinion in <u>Huntsman Corp. v. International Risk Insurance Co.</u>, 2008 WL 4453170 (S.D. Tex. 2008), LNM explains that

> if the removing third-party defendant demonstrates that the claims of the third-party plaintiff are "separate and independent" under § 1441(c) and those "third-party claims 'fall under' the Convention, as described in [9 U.S.C.] section 203, those claims will provide federal-question jurisdiction . . . allowing removal under section 1441(c)." *Id.* at *15, *17. In such circumstances, "the entire action is removable . . . ." *Id.* at *15.[17]

LNM's assertion that Welspun's claims seek to enforce a contract that contains a foreign arbitration clause under the Convention states a defense to Welspun's claims based on federal law; but, absent a showing that the Convention completely preempts state law, LNM has not established that Welspun's claims arise under federal law for purposes of establishing federal question jurisdiction under 28 U.S.C. § 1331.

---

[16]Sale and Purchase Contract, Exhibit 1 attached to Notice of Removal, p. 6 ¶ 4.8.1 ("The parties agree that any dispute or disagreement in relation to the contract shall be first amicably resolved by mutual discussions. If the dispute or disagreement remains unresolved for sixty (60) days, either Party may refer the dispute or disagreement to Arbitration in accordance with the UNCITRAL Arbitration Rules at present in force. There shall be one arbitrator and the appointing authority shall be the London Court of International Arbitration. The place of arbitration shall be London, England . . .").

[17]Third-Party Defendants' Response to Motions to Remand, Docket Entry No. 25, p. 5.

LNM's reliance on Judge Rosenthal's opinion in <u>Huntsman</u> is misplaced because there the third-party plaintiff asserted a claim for enforcement of a foreign arbitration clause whereas here, Welspun has made no such claim. <u>See</u> <u>Huntsman</u>, 2008 WL 4453170, *18 ("IRIC's alternative request to compel arbitration under the Reinsurance Certificates is a claim to enforce an agreement falling under the Convention."). In <u>Huntsman</u> the court premised the third-party defendant's right to remove on the third-party plaintiff's claim for enforcement of the foreign arbitration clause, not — as LNM asks the court to premise its right to remove in this case — on an argument that the third-party plaintiff's state law claims arise under federal law merely because the contract the third-party plaintiff seeks to enforce contains a foreign arbitration clause.

Since LNM has neither argued nor cited authority showing that the Convention completely preempts state law such that Welspun's state law claims must be recharacterized as claims arising under federal law because the law governing those claims is exclusively federal, Welspun's claims do not arise under federal law as required to establish jurisdiction under 28 U.S.C. § 1331. Because Welspun's claims do not arise under federal law as required to establish jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1441(c) provides no jurisdiction for removal.

(c)  Conclusions

In order to establish that removal is proper under 28 U.S.C. § 1441(c), LNM had to show that Welspun's claims against LNM are

separate and independent from KMLP's claims against Welspun, and that Welspun's claims arise under federal law for purposes of establishing jurisdiction under 28 U.S.C. § 1331.  For the reasons explained above, the court concludes that Welspun's claims against LNM are separate and independent from KMLP's claims against Welspun, but that Welspun's claims do not arise under federal law and do not establish federal question jurisdiction under 28 U.S.C. § 1331.  Accordingly, 28 U.S.C. § 1441(c) provides no jurisdiction for LNM to remove this action to federal court.

## IV.  <u>Conclusions and Order of Remand</u>

For the reasons explained above, the court concludes that LNM has failed to carry its burden of proving that either 9 U.S.C. § 205 or 28 U.S.C. § 1441(c) provides jurisdiction for removal of this action from state to federal court.  Accordingly, Welspun's Motion to Remand (Docket Entry No. 19) is **GRANTED**, and Kinder Morgan Louisiana Pipeline LLC's Motion to Remand (Docket Entry No. 20) is **GRANTED**.  This action is **REMANDED** to the 11th Judicial District Court of Harris County, Texas.  The clerk of this court is directed to promptly send a copy of this Memorandum Opinion and Order of Remand to the District Clerk of Harris County, Texas.

**SIGNED** at Houston, Texas, on this 5th day of November, 2010.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE